UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBER ZACHARY, individually and on behalf of others similarly situated,<br><br>                                           Plaintiffs,<br><br>- against -<br><br>CENTRIC BRANDS HOLDING LLC,<br><br>                                           Defendant. | **Case No.: 22-cv-6940**<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff AMBER ZACHARY (the "Named Plaintiff"), by her attorneys, Leeds Brown Law, P.C., alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.　　This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b), to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed by Defendant CENTRIC BRANDS HOLDING LLC ("Defendant") between December 30, 2015[1] and the present (the "Relevant Period") in the State of New York.

2.　　Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a bi-weekly (every other week) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

---

[1] Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines).

3.     Upon information and belief, Defendant has at no time during the Relevant Period

been authorized by the New York State Department of Labor Commissioner to compensate its

employees who qualify as manual laborers on a bi-weekly basis, in contravention of NYLL Article

6 § 191, which requires that without explicit authorization from the Commissioner, such workers

must be compensated not less frequently than on a weekly basis.

4.     By willfully failing to pay employees in a timely manner in compliance with

applicable state law, Defendant has also violated the FLSA's implicit "prompt payment"

provision.[2]

## JURISDICTION & VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental

jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related

in this action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because a substantial

part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7.     Plaintiff AMBER ZACHARY is an individual who currently resides in the State of

New York, and who has been employed by Defendant since May 2022 at Defendant's 644 Bluebird

Court, Central Valley location. Plaintiff worked in a non-exempt, hourly position at Defendant's

---

[2] "While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities, and is codified in interpretative regulation, 29 CFR § 777.2(a), construing 29 U.S.C. §§ 206, 207, to require payment in cash or negotiable instruments payable at par, except as otherwise stated in § 3(m), 29 U.S.C. § 203(m)." *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960).

store, where she would typically perform physical tasks for more than of 25% of her workday, including but not limited to by stocking shelves, moving inventory, receiving, unpacking, organizing, storing, packaging, and labeling merchandise, and generally remaining on her feet for the entirety of her shift. Plaintiff has been compensated every other week by Defendant throughout the entirety of her employment, and in so doing has been time and again injured by Defendant's failure to pay her timely wages, inasmuch as Defendant's conduct routinely deprived her on a temporary basis of monies owed to her.

8.      Upon information and belief, Defendant CENTRIC BRANDS HOLDING LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located in New York, New York.

9.      Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.

## CLASS & COLLECTIVE ALLEGATIONS

10.      This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action pursuant to FLSA, 29 U.S.C. § 216(b).

11.      This action is brought on behalf of the Named Plaintiff and a class and collective consisting of similarly situated employees who performed work for Defendant non-exempt, hourly positions that required workers perform physical tasks for more than 25% of their workdays.

12.      The putative class and collective is so numerous that joinder of all members is impracticable. The size of the putative class and collective is believed to be in excess of hundreds of employees. In addition, the names of all potential members of the putative class and collective are not known.

13.     The questions of law and fact common to the putative class and collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

      a)     whether Defendant compensated its employees on a bi-weekly basis;

      b)     whether Defendant was lawfully permitted to compensate its employees on a bi-weekly basis;

      c)     whether Defendant's conduct constitutes a violation of NYLL § 191; and,

      d)     whether Defendant's conduct constitutes a violation of the FLSA's prompt payment requirement.

14.     The claims of the Named Plaintiff are typical of the claims of the putative class and collective. The Named Plaintiff and putative class and collective members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

15.     The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class and collective.

16.     The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

17.     A class and collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class and collective members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

18.     A class and collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT:
## FAILURE TO PAY TIMELY WAGES UNDER THE NYLL

19.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

20.     The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiff and members of the putative class.

21.     Defendant failed to pay the Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

22.     By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT:
## FAILURE TO PAY TIMELY WAGES UNDER THE FLSA

23.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs

24.     "Although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." *See Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F2d 487 (2d Cir. 1960).

25.     As explained in *Rogers*, 148 F.3d at 56, subsequent to the Supreme Court's decision in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945), courts have interpreted the holding "to mean that 'the FLSA requires the employer to pay on time.'" *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993).

26.     Here, where Defendant has clearly failed to pay its manual workers "on time" in accordance with governing state law, logically it follows that Defendant has also violated the prompt payment requirement of the FLSA.

27.     By the foregoing reasons, Defendant has violated 29 U.S.C. § 206, and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.


**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seeks the following relief:

   (1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

   (2) on the second cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

   (3) together with such other and further relief the Court may deem appropriate.


Dated:  Carle Place, New York                         **LEEDS BROWN LAW, P.C.**
        August 15, 2022

                                                      Brett R. Cohen
                                                      Jeffrey K. Brown
                                                      Michael A. Tompkins
                                                      One Old Country Road, Suite 347
                                                      Carle Place, New York 11514
                                                      Tel: (516) 873-9550

                                                      *Attorneys for the Named Plaintiff &*
                                                      *Putative Class*